### PROCEEDINGS IN ATTACHMENT.

Circuit Court of Lorain County.

NICHOLS BROTHERS V. CHARLES KOSHINICK, ALIAS KOSTI NICK.

Decided, April 26, 1911.

*Attachment—Motion to Discharge on Ground Property is Claimed by Another—Judgment Against Infant Personally Served, Not Void, But Reviewable.*

1. Upon a claim of ownership of attached property by a person other than the defendant, an order restoring the property to the claimant may be made, but it is erroneous to discharge the attachment because of such claim.

2. A judgment against an infant defendant, sued personally, is not void, but will remain subject to review until a sufficient time after removal of the disability of infancy shall have elapsed to bar such review.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

Nichols Brothers sued Charles Koshinick before a justice of the peace upon an account, and on the same day garnisheed the Deen Electric Company. Default judgment was rendered for the plaintiff November 17, 1909, but the garnishee not having answered, no order was made against it. Two days later Charles Nick filed his motion to discharge the attachment, and this motion upon being heard, was granted.

There is no express authority of law for entertaining such motion filed by the defendant after judgment. Revised Statutes, 6522; General Code, 10297, provides only for the filing of such motion by the defendant before judgment. We incline to believe, though it is unnecessary now to hold, that the judgment meant is the judgment on the merits in principal action and not the order or judgment, if any, against the garnishee. The motion itself, however, alleges that Charles Nick, who filed it, "is not the above named defendant." On the hearing of this motion, Charles Nick gives evidence tending to show that it was his father, Kosti Nick, who incurred the debt, whereas the wages attached were earned by the witness, who is the minor son of said Kosti Nick.

Considered as a claim of ownership of the attached property by a person other than the defendant, the motion was triable as if "the property had been seized upon execution issued by the justice of the peace and claimed by a third person" (Revised Statute, 6509; General Code, 10283). And the right of property was thus tried substantially in accordance with Revised Statutes, 6573-6575; General Code, 10371-10373.

The boy, it appears, had been doing business upon his own account to some extent, but there is no sufficient evidence of emancipation to warrant the court in finding that the wages he had earned were not the property of his father. Even if the justice had been warranted in so finding, the judgment should not have been a discharge of the attachment, but an order restoring to the claimant his property erroneously detained by the garnishee as that of the defendant. The garnishee being in default for answer, it might, for aught appearing to the contrary, have been detaining not only the boy's wages but also money due the father. If so, the attachment being regular, it was improper to discharge it.

There is much confusion in the record as to whether the boy or his father was the real defendant in the original action. The constable's return recites personal service of the summons upon the defendant. The boy testifies that the summons was handed by the constable to him and not to his father, who had just left on a visit to Europe. But the constable, he says, told him to

send it to his father.   The bill of exceptions, prepared by Nichols. Brothers and certified by the justice, alleges that the said motion was interposed by the defendant, and that on the trial thereof he offered himself as a witness.   The style of the original action was Nichols Brothers vs. Chas. Koshinick, alias Kosti Nick, and though the boy's name is Charles Nick and the father's Kosti Nick it is not certain that the former was not meant.   The boy testifies that Nichols Bros. claimed that he was the one indebted to them.   If they intended to sue the boy, the action was irregular in that the defendant was an infant, sued personally, without guardian.   But' the judgment is not therefore void, though it will·remain subject to review until a sufficient time after the removal of the disability of infancy shall have elapsed to bar such review.   -

. In any event the judgment of the justice discharging, the attachment, and that of the common pleas court in affirmance therefor, were erroneous, and the same must be set aside and the cause remanded to the, latter court.   Proceeding therefore to render the 'judgment which the court of common pleas should have rendered, the judgment of the justice of the peace discharging the attachment is reversed because it is contrary to law and the evidence, and the cause will be retained in the common pleas for retrial.